**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-60701
Summary Calendar
_____

HALLIBURTON ENERGY SERVICES,

Petitioner,

VERSUS

RONALD A. BOURG,

and

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of an Order
of the Benefits Review Board
(98-0258)
_____

June 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ronald Bourg was employed by Halliburton Energy Services ("Employer") as a cementer/mixer. On May 24, 1993, while performing his duties on an offshore oil rig, Bourg experienced chest pains, shortness of breath, and dizziness. He was admitted to the hospital where he was treated for congestive heart failure. Thereafter, Bourg was diagnosed with cardiomyopathy, a disease of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the heart muscle. He then sought benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, et seq. ("LHWCA"). The Administrative Law Judge ("ALJ") awarded Bourg temporary total disability compensation from May 24, 1993, until December 9, 1996, and permanent total disability compensation thereafter. The Benefits Review Board ("BRB") affirmed the award. Employer petitions this Court for review of the decision of the BRB.

Under the LHWCA, the BRB must treat the ALJ's findings of fact as conclusive if supported by substantial evidence on the record as a whole. Crum v. General Adjustment Bureau, 738 F.2d 474, 477 (D.C. Cir. 1984). When reviewing the BRB's decision, this Court must determine whether the BRB adhered to the applicable scope of review; whether the BRB committed any errors of law; and whether the ALJ's findings are supported by substantial evidence on the record as a whole. Id.

Employer first contends that the ALJ and the BRB erred in finding that Employer did not rebut the presumption under Section 20(a), 33 U.S.C. § 920(a). Under Section 20(a), a claimant is entitled to a presumption that his claim comes within the provisions of the LHWCA if he establishes: (1) that he suffered an injury and (2) that the accident occurred in the course of employment or that conditions existed at work that could have caused the harm. Gooden v. Director, OWCP, 135 F.3d 1066, 1068 (5th Cir. 1998). Upon invocation of the presumption, the burden shifts to the employer to rebut the presumption with substantial evidence that the claimant's condition was not caused or aggravated

2

by his employment.  Id.  If the employer rebuts the presumption, then the ALJ must weigh all the evidence of record to resolve the causation issue.  Id.

The ALJ and the BRB correctly found that Bourg established a prima facie case and was thus entitled to the Section 20(a) presumption.  Bourg established the existence of a harm by showing that after undergoing acts of physical exertion while working for Employer, he experienced shortness of breath, chest pains, and dizziness such that he required admission to the hospital where he was treated for congestive heart failure.  Employer's argument that Bourg did not establish that he sustained an injury because he only suffered symptoms of his preexisting cardiomyopathy is without merit.  It is well-recognized that an aggravation of a preexisting condition may constitute a compensable injury.  See Crum, 738 F.2d at 478.

The evidence of record, specifically the testimony of Dr. Richard Abben and Dr. Thomas Giles, shows that although Bourg's work did not cause his cardiomyopathy, his work for Employer accelerated and aggravated his underlying heart condition causing him to experience symptoms sooner than he otherwise would have. Both Drs. Abben and Giles testified that Bourg's work shortened the "window of time" Bourg had before the symptoms began to manifest themselves.  In light of this evidence, Bourg showed that he suffered a harm arising out of his employment.

The ALJ and the BRB were further correct in their findings that Employer did not rebut the presumption by establishing through substantial evidence that there was a lack of causal connection

between the injury and the employment. The evidence, as stated above, shows that although Bourg's work did not cause his underlying heart condition, his work did precipitate the onset of his symptoms. Employer offered no substantial evidence to the contrary.

Because we find that the ALJ's and the BRB's findings that Employer failed to rebut the Section 20(a) presumption and that therefore Bourg's present medical condition is causally connected to his employment, we find no error in the conclusion of both the ALJ and the BRB that Bourg's symptoms are a compensable injury under the LHWCA.

Employer next contends that any disability suffered by Bourg after his discharge from the hospital on June 4, 1993, cannot be attributed to Employer. A review of the record, however, shows that Bourg has undergone numerous hospitalizations for his heart condition since the incident on May 24, 1993, including the implantation of defibrillators. As the BRB noted, it is clear that if a claimant's employment played a role in the manifestation of his disease, the entire resultant disability is compensable. Strachan Shipping Co. v. Nash, 782 F.2d 513 (5th Cir. 1986); Bludworth Shipyard, Inc. v. Lira, 700 F.2d 1046 (5th Cir. 1983). As Bourg's present medical condition is causally connected to his employment with Employer, we find no error in the ALJ's and Board's conclusion that Bourg is entitled to total disability benefits.

For the foregoing reasons, the decision of the BRB is

4

AFFIRMED.[2]

_____

   [2]  After this appeal was submitted to this Court, the United States Department of Labor sent a letter to the Court dated April 7, 1999, stating that in the event this Court affirms the BRB's affirmance of the ALJ's award of permanent total disability benefits commencing on December 10, 1996, the Director of the Office of Worker's Compensation Programs concedes to application of section 8(f), and payment by the Special Fund, 33 U.S.C. § 908(f), § 944.  The letter also stated that the payments by the Special Fund would commence 104 weeks after December 10, 1996, the date on which Bourg's condition became permanent.